## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

KINNIE FULTZ           *     **CIVIL ACTION NO.:**
                             *
                             *
**VERSUS**               *     **SECTION:**
                             *
**THE UNITED STATES**     *
**OF AMERICA**             *
                             *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**COME NOW** Plaintiff, **KINNIE FULTZ** by and through undersigned counsel, who files this Complaint against the Defendant, THE UNITED STATES OF AMERICA, and in support thereof would show the following:

### JURISDICTION AND VENUE

1. This cause of action arises under the Federal Tort Claims Act (hereinafter referred to as the FTCA), Title 28, United States Code, Section 2671 *et seq.*

2. This Court has jurisdiction over the parties and the subject matter pursuant to Title 28, United States Code, Sections 1346(b) and 1402(b).

3. Defendants complained of negligent acts and omissions occurred within the Parish of Orleans, State of Louisiana.

4. Pursuant to Title 28, United States Code, Section 2672, Plaintiff has submitted an administrative claim for the negligence encompassing the allegations contained herein to the Department of Veterans Affairs, Medical Center Director, THIS Complaint was received on, or about, October 13,

1

2020 within two (2) years of the date of accident complained of herein.  On March 30. 2021, said administrative claim was denied by the Defendant.

5.   Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to Title 28, United States Code, Section 1402(b).

6.   Service of process on the Defendant may be accomplished pursuant to Rule 4 of the Federal Rules of Civil Procedure.

## PARTIES TO ACTION

7.   Plaintiff, Kinnie Fultz, is an adult resident citizen of Orleans Parish, State of Louisiana.

8.   The United States of America and its unknown employees and/or physicians who are and/or were employed by the Veterans Administration Hospital in New Orleans, Louisiana and at all times were acting within the course and scope of their employment at the Veterans Administration Hospital in New Orleans, Louisiana, an agency of the Department of Veterans Affairs, which is an agency of the Defendant United States of America.

## FACTS

9.   On or about September 17, 2020 in Orleans Parish, State of Louisiana, Plaintiff, Kinnie Fultz, a U.S. Veteran, sought treatment at the VA Urgent Care, part of the Southeast Louisiana Veterans Health Care Center, and which was located at 2400 Canal Street, New Orleans, Louisiana 70119 (hereafter referred to as "Urgent Care").

2

10.    Mr. Fultz was in pain and had an itching around his waist. He was treated by the staff of the Urgent Care and was prescribed Ketoconazole 2% cream and Desonide 0.05% cream to be applied to his back and waist.

11.    Mr. Fultz applied the medication as directed and it was ineffective. As a result, Mr. Fultz returned to Urgent Care on September 22, 2020.

12.    Upon his return on September 22, 2020, Mr. Fultz had swelling to his face and head. He was once again directed to use the Ketoconazole and Desonide on his face.

13.    On September 25, 2020, Mr. Fultz returned, again, to Urgent Care with facial swelling, itching, redness and dryness. He also complained of pain on his forehead from the swelling. The lotion was used on his face in addition to the topical corticosteroids and ketoconazole cream per previous physician recommendations. The topical antihistamine did not help, but IV Benadryl has decreased pruritus while in the hospital. Additionally, his lower lip had edema and the attending physician told Petitioner to take a selfie and look at it.

14.    On September 28, 2020, Petitioner returned to Urgent Care, his rash had worsened. Petitioner was prescribed hydroxine and Lubriderm.  A telederm visit was completed, with them prescribing me triamcinolone cream.  It was also suggested that Petitioner try other topical emollients (e.g. Petroleum jelly) three times a day in the meantime.

15.   On September 29, 2020, at 17:00, Petitioner contacted the Director of Southeast Louisiana Veterans Health Care System.  Mr. Fernando Rivera, by email and also sent him a picture of his face to him by text.  The email stated that:

My name is Kinnie Fultz, and I am a veteran that obtain all medical services at the Southeast Louisiana Medical Center.  I have received services twice this week from VA's Urgent Care and today from the dermatology department.  For the last week, I have been having facial swelling, itching, and facial disfiguration and they can't seem to find out what is wrong with me.  Today they took pictures of my face, and told me to come back on Friday.  I really don't think I can wait until Friday.  Please help me!  I really just need for someone to find out what is going on with me.  I am itching and swelling by the hour.  My wife says my face is changing in a matter of hours.  I don't even look like myself anymore just in this one week.  You can contact me at 504-756-4772 or email at kinnie.fultz1957@yahoo.com  My wife, Tonya Fultz's number is 504-214-0570.  I am also sending an email to Senator Bill Cassidy.  Thank you for your continued dedication to all veterans!

16.   Mr. Rivera immediately responded through email at 17:24 stating that he will follow up.   At 19:10 a doctor called Petitioner from the dermatology department at the VA and asked a series of questions such as was Petitioner's

4

throat feeling like it was closing, etc. The doctor then told Petitioner to come in the next morning (September 30, 2020) at 08:30 to the dermatology department.

17. Unfortunately, Petitioner had to go in that night (September 29, 2020) back to Urgent Care and they admitted him and put him in ICU.  Petitioner's facial rash and edema had worsened and he was given epi, IV solumedrol, IV Benadryl, IV Pepcid and 1L of NS fluids.

18. Due to the use of the prescribed steroids, Petitioner's glucose spiked to greater than 500.

19. It was determined that on September 30, 2020, while in the hospital in ICU that Petitioner's current dermatitis, was the etiology of his angioedema and his current topical regimen (triamcinolone and ketoconazole cream) was making his dermatitis worse and caused his glucose to spike >500.  It was further determined that Petitioner never should have been given these steroids because of his pre-existing diabetes and definitely not in my face. The Rapid Response nurses continued to monitor Petitioner for 72 hours after transferring from ICU to the medicine/overflow.

20. On October 1, 2020, Petitioner was discharged from the hospital and told to stop taking ketoconazole and desonide, and to avoid all creams and topical medicines to the affected area. Petitioner was advised to use Cerave or Cetaphil gentle cleanser at night prior to application of Aquaphor and triamcinolone.  The new medications he was prescribed were to be taken in

three parts Aquaphor and 1 part Triamcinolone mixed in hand and applied to the affected area on the face twice daily.

21. Petitioner submits that the defendants wrongfully prescribed medicine given by the VA to a diabetic patient (I should not be given steroids), wrong information was listed/stated in the progress notes.

22. As a result of the defendants' negligence, Petitioner has suffered physical pain and mental anguish, uncontrollable itching and swelling on my head causing me and my wife to loss sleep, fear for my life, loss of chance, permanent scarring and pain

23. Petitioner served in the Army for December 2, 1980, to December 1, 1983.

24. As a result of the foregoing, plaintiff Kinnie Fultz has suffered physical pain and mental anguish; he has sustained injuries; he does, and will continue to require medical attention; these conditions may continue, worsen, or become permanent; the full residuals and sequelae of these injuries are not, as yet, fully known, but will be severe; all of which are to Plaintiff's damage in the amount to be determined upon the trial of this cause.

## COUNT 1
## FEDERAL TORT CLAIMS ACT

Plaintiff realleges each and every allegation contained in paragraphs numbered 1 through 22 above, as if fully set forth herein.

25. If the defendant were a private person/entity, it would be liable to Plaintiff in accordance with the laws of the State of Louisiana.

26.     Plaintiff is free from any act, or acts, of negligence contributing to the proximate cause of his complained of damages.

27.     Defendants complained of acts and omissions constitute negligence as set forth in the State of Louisiana's Civil Code Article 2315 and Louisiana RS Article 40:1299.41, et seq.

**WHEREFORE,** Plaintiff, prays that this Court award him damages in the amount of:  FOUR HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($450,000.00); together with all medical bills and future medical bills and whatever further, different of additional relief as this Honorable Court should deem just and proper.

Respectfully Submitted:

  /s/ J. Michael Daly, Jr.
J. Michael Daly, Jr., Bar No.  19539
3939 North Causeway Blvd., Ste. 200
Metairie, Louisiana  70002
Telephone:  (504) 846-5700
Facsimile:   (504) 846-5722

**PLEASE SERVE:**

**Attorney General of United States at Washington DC**
**U.S. Department of Justice**
**950 Pennsylvania Ave, NW**
**Washington, DC 20530**

**United States Attorney for Louisiana**
**Mr. Peter G. Strasser**
**210 Hale Boggs Federal Building**
**500 Poydras Street**
**New Orleans, Louisiana 70130**